IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMMANUEL ASAMOAH, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB 10-CV-470 |
| JANET NAPOLITANO *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendants Janet Napolitano, *et al.* move to dismiss Plaintiffs Emmanuel Asamoah and Christina Fines' Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs challenge the United States Citizenship and Immigration Services' ("USCIS") determination that Plaintiff Asamoah entered into a sham marriage with Anita Wilson, and USCIS's subsequent denial of a visa petition filed by Plaintiff Fines on behalf of Plaintiff Asamoah. Defendants assert that substantial evidence supports USCIS's sham marriage determination, and that the Complaint does not allege any facts which, if true, would undermine USCIS's decision. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff Emmanuel Asamoah ("Asamoah"), a native and citizen of Ghana, entered the United States in 2003 on a "B visitor visa" and remained beyond his authorized stay. Compl. ¶¶ 8-9, Ex. 1. On May 12, 2005, Asamoah married Anita Wilson ("Wilson"). Compl. Ex. 2. On July 15, 2005, Wilson filed a Form I-130, Petition for Alien Relative, which is the first step an alien must take to seek lawful permanent residence, naming Asamoah as her husband and intended beneficiary. *Id*. On July 12, 2006, the USCIS interviewed Asamoah and Wilson for the first time. *Id*. At that time, Wilson submitted a number of documents and affidavits as evidence of their marriage and in support of her petition. *Id*. Based upon the initial interview and a review of Wilson's documents, USCIS determined that the evidence was insufficient to establish a bona fide martial relationship. *Id*. at 4. As a result, USCIS scheduled Wilson and Asamoah to be interviewed a second time, this time individually. *Id*.

On August 23, 2007, USCIS interviewed Wilson and Asamoah separately. Compl. Ex. 2. USCIS recorded their answers and noted myriad important discrepancies in their sworn statements. *Id*. at 4-6. For example, Wilson incorrectly stated Asamoah's full name and did not know the names of his two children or the schools they attended. *Id*. at 5. Asamoah, who purportedly lived with two of Wilson's children, could not identify the full name or grade level of several of Wilson's children. *Id*. Furthermore, Wilson and Asamoah gave numerous contradictory answers to questions regarding how they got engaged, Asamoah's religious practices, their rent, the amount and frequency of child support Asamoah paid for his children, and Asamoah's health care coverage. *Id*.

Around the same time that the interviews were conducted, USCIS searched for information on Asamoah and Wilson in a public records database. *Id*. at 4. This search revealed an inconsistency between the address where Wilson claimed Asamoah lived, and the address

2

where the database recorded Asamoah lived. *Id*. USCIS subsequently reviewed the documentary evidence Wilson offered in support of her I-130 petition. *Id*. at 3-4. USCIS found that the two residential lease agreements Wilson supplied did not provide proof that Wilson and Asamoah lived together at either address in the agreements, and did not reflect the address listed under Asamoah's name in the public records database. *Id*. In addition, USCIS determined that the various bank statements, insurance documents, tax documents and photos Wilson submitted held little to no probative value. *Id*. 3-4.

On May 12, 2008, USCIS issued a notice of intent to deny ("NOID") Wilson's I-130 petition. Compl. Ex. 6. In the NOID, USCIS provided detailed explanations as to why the conflicting sworn interviews, contradictory information regarding Asamoah's address, and the flawed evidence Wilson submitted led to the determination that Wilson and Asamoah entered into their marriage solely for the purpose of obtaining immigration benefits. *Id*. at 2-6. This letter notified Wilson that she had sixty days to rebut the determination or provide additional evidence. *Id*. at 9-10. On June 24, 2008, USCIS received a notarized letter from Wilson withdrawing her petition, explaining that she and Asamoah had divorced because she "became pregnant outside of the marriage." Compl. Ex. 7. Wilson maintained, however, that she married Asamoah for "legitimate purposes" and that they lived together "from the onset of [their] marriage until [their] legal separation." *Id*. USCIS subsequently denied Wilson's I-130, maintaining that the marriage was fraudulent.

On the same day that USCIS issued the notice of intent to deny Wilson's I-130 petition, Asamoah married Plaintiff Christina Fines. Compl. Ex. 1. On July 25, 2008, Fines filed an I-130 petition, naming Asamoah as her beneficiary. On April 9, 2009, USCIS issued a NOID with respect to Fines' petition. Compl. Ex. 2. USCIS determined that because Asamoah's marriage

to Wilson was fraudulent, 8 U.S.C. § 1154(c) precluded the agency from granting Fines' petition. *Id*. a 6. Fines submitted documentary evidence in response to the notice of intent to deny, including affidavits from Wilson and Asamoah. Compl. Ex. 3. On July 22, 2009, USCIS issued its formal denial, explaining that the new evidence failed to rebut the conclusions set forth in the NOID, or that Wilson's marriage to Asamoah was not a sham. Fines appealed the decision, but the Board of Immigration Appeals affirmed the denial decision without opinion on January 29, 2010. Compl. Exs. 4 & 5.

On March 1, 2010, Fines and Asamoah filed the instant "Complaint for Declaratory Relief in the Nature of Mandamus" challenging USCIS's denial of Fines' I-130 petition. Plaintiffs allege, among other things, that Defendants "willfully and unreasonably" refused to approve of Fines' petition, that Defendants' decision was "arbitrary, capricious, and unlawful," and that Asamoah will "propound significant evidence" before this Court to demonstrate the legitimacy of his marriage to Wilson. Compl. ¶¶ 29, 31, 33. Plaintiffs bring this suit based upon (1) the Mandamus Act, 28 U.S.C. § 1361, (2) the Administrative Procedure Act, 5 U.S.C. §§ 702, 704, (3) the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, (4) the general federal question jurisdiction statute, 28 U.S.C. § 1331, and (5) the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1329. Compl. ¶ 3.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for

relief. *Id.*

ANALYSIS

Defendants move to dismiss Plaintiffs' Complaint, asserting that the only basis for the relief Plaintiffs seek is the Administrative Procedure Act, and that Plaintiffs fail to state a claim under the APA because the allegations in the Complaint and exhibits attached thereto conclusively demonstrate that USCIS's I-130 petition denial was reasonable, lawful and neither arbitrary nor capricious.

## I. The APA Governs the Analysis of Plaintiffs' Claim

The APA governs this Court's analysis of Plaintiffs' claim. The APA, in conjunction with the federal-question jurisdiction statute, provides the statutory basis for a court to review a final agency action, in this case the USCIS's denial of Fines' I-130 petition. *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 619 (4th Cir. 2010); 28 U.S.C. § 1331. Though Plaintiffs' Complaint alleges this Court has jurisdiction over this case under a number of statutes, Plaintiffs agree in their Opposition brief that the APA governs.[1] *See* Opp'n at 3 n.2. Accordingly, the APA governs this Court's review of Plaintiffs' claim.

## II. Plaintiffs Fail to State a Claim Under the APA

This Court's review of decisions under the APA is "usually limited to determining whether agency action is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law." *United States v. Bean*, 537 U.S. 71, 77 (2002) (citing § 706(2)(A)). As the U.S. Court of Appeals for the Fourth Circuit has explained, review under the APA is "highly deferential, with a presumption in favor of finding the agency action valid." *Ohio Valley Envtl.*

---

[1] Notably, this Court's review of an administrative action such as this one is limited to the administrative record. *See Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335-36 (4th Cir. 1995). Thus, Asamoah's contention that he will "propound significant evidence" to demonstrate the legitimacy of his marriage to Wilson does not prevent the dismissal of Plaintiffs' claim.

*Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009). This Court must not "substitute its judgment for that of the agency." *Id.* (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971). Thus, the USCIS's action will stand if the record reveals a rational basis for their decision. *Oddo v. Reno*, 1999 U.S. App. LEXIS 5781, at *6 (4th Cir. Mar. 29, 1999).

After reviewing the record, this Court finds that USCIS did not act in an arbitrary or capricious manner in denying Fines' petition because the agency had a rational basis for its decision. In the April 9, 2009 Notice of Intent to Deny ("NOID"), USCIS notified Fines of its finding that Asamoah's prior marriage to Wilson was fraudulent. USCIS's final decision denying Fines' petition was thoroughly explained and supported. First, the documents Wilson filed with her petition indicated that Wilson and Asamoah did not live together. Second, Wilson and Asamoah provided contradictory answers to basic questions about their marriage and life together, including where and when Asamoah proposed to Wilson. Third, Wilson's and Asamoah's statements during their independent interviews indicated they lacked basic knowledge of each other. Wilson was unable to state Asamoah's full name, and both Wilson and Asamoah failed to state the full names of each other's children. Thus, both the factual allegations in the Complaint and the exhibits attached to it support USCIS's marriage fraud finding. *See Matter of Phillis*, 15 I.&N. Dec. 385, 387 (BIA 1975) (evidence that a petitioner and a beneficiary never shared a residence, and inconsistent statements made by the petitioner and beneficiary, typically support a finding of marriage fraud).

In response to Defendants' motion, Plaintiffs contend that their due process would be violated if this Court found USCIS's determination lawful solely on the basis of the notices of intent to deny attached to the Complaint. Plaintiffs assert that they would need to review the

entire administrative record to prove their claim, and that they do not have a copy of the administrative record or "knowledge of the actual testimony." Opp'n at 6. Plaintiffs' desire to review the entire administrative record does not provide a basis for denying Defendants' motion to dismiss. Whether or not they are familiar with the whole administrative record, Plaintiffs are still required to plead allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, Plaintiffs cannot excuse their duty to allege sufficient facts to support their claim. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991 (noting a plaintiff's duty to conduct a factual investigation prior to filing suit).

Quite simply, there was a rational basis for the decision of the United States Citizenship and Immigration Services, and that agency did not act in an arbitrary or capricious manner. Accordingly, Defendants' Motion to Dismiss is granted.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.

A separate Order follows.

Dated:	December 8, 2010	/s/_____
	Richard D. Bennett
	United States District Judge